UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| ERIC LOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17 CV 43 |
| | ) | |
| NATIONAL CREDIT SYSTEMS, INC.; | ) | |
| HUNTER WARFIELD, INC.; TRANS | ) | |
| UNION LLC; EQUIFAX INFORMATION | ) | |
| SERVICES LLC; and EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC.; | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

Before the court is a challenge by defendants Equifax Information Services LLC and Experian Information Solutions (collectively, "defendants") to the sufficiency of the complaint filed by plaintiff, Eric Loyd. (DE # 29.) The complaint alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

Defendants' primary argument is that plaintiff's complaint fails to meet the notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure, and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). According to defendants, plaintiff's complaint is "devoid of any factual allegations and merely recites portions" of the relevant statutes. (DE # 29 at 3.) Defendants further contend that, because the complaint fails to address each and every element of the claims at issue, it should be dismissed as a matter of law.

Defendants are incorrect about both the law and the facts, in this case. First, the Federal Rules of Civil Procedure require a plaintiff to "plead claims rather than facts corresponding to the elements of a legal theory." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017). Accordingly, "it is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each." *Id.* A plaintiff simply needs to put a defendant on notice of the claims at issue. *Id.*

In this case, for example, plaintiff alleges that in 2017, he disputed trade line items appearing on his consumer report, specifically those stating debts related to Hunter Warfield Inc. and National Credit Systems, and that defendants did not abide by the appropriate federal statutes with regard to these trade line items. (DE # 1 at ¶¶ 33, 37.) Clearly, the complaint is not "devoid" of facts, and the facts included are sufficient to put defendants on notice regarding the claims in this case. "A full description of the facts that will prove the plaintiff's claim comes later, at the summary-judgment stage or in the pretrial order." *Chapman*, 875 F.3d at 848. Defendants' request to dismiss the complaint's request for damages – simply another way of seeking dismissal of the underlying claims, in part – is denied for the same reason.

Defendants also argue that plaintiff's request for injunctive relief must be dismissed, because such relief is not authorized under the FCRA. Plaintiff concedes that injunctive relief is not explicitly permitted by the FCRA; indeed, the statute states that

only the Federal Trade Commission ("FTC") may obtain injunctive relief. (DE # 39 at 6.) Plaintiff claims that the court's inherent equitable powers permit it to enjoin parties despite the lack of Congressional authorization, citing unpersuasive Ninth Circuit precedent. (*Id.*) However, this court adopts the Fifth Circuit's well-reasoned conclusion that Congress gave the power to obtain injunctive relief solely to the FTC. *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000). Defendants' motion to dismiss is granted as to the request for injunctive relief.

For the foregoing reasons, the motion of defendants to dismiss plaintiff's complaint is **GRANTED, in part, and DENIED, in part.** (DE # 29.)

**SO ORDERED.**

Date: January 23, 2018

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT